IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES WYER # 152581 | * | |
|     Plaintiff | * | |
|   v. | * | Civil Action No.  GLR-12-3572 |
| WARDEN | * | |
|     Defendant | * | |
| | *** | |

**MEMORANDUM OPINION**

James Wyer ("Wyer"), who is detained at the Baltimore County Detention Center, claims he is being denied proper medication.  As relief, he requests the same medications that he was prescribed prior to incarceration and a consultation with orthopedic and primary care physicians.

"A medical treatment claim cannot be brought against non-medical personnel . . . unless they were personally involved with a denial of treatment or deliberately interfered with prison doctors' treatment."  Miltier v. Beorn, 896 F.2d 848, 896 (1990).  Wyer does not allege the Warden has interfered with his medical care, and the claim fails to state a claim upon which relief may be granted.

Further, Wyer presented the same claims of inadequate medical care in Wyer v. Conmed Healthcare Management, Inc., Civil Action No. GLR-12-3362.  In that case, summary judgment was entered in favor of Conmed Healthcare Management. Although Wyer, a self-represented litigant, names the Warden as defendant, his claims are directed at the health care provided to him by Conmed Healthcare Management Inc., the contractual medical provider at the prison, and its employees.  Where a prior final judgment is rendered on the merits in accordance with due

process, the parties in the two actions are either identical or in privity, and the claim in the second action is based upon the same cause of action involved in the earlier proceeding, the doctrine of *res judicata* will bar the subsequent action.  See Grausz v. Englander, 321 F.3d 467, 472 (4th Cir. 2003).  "The test for deciding whether the causes of action are identical for claim preclusion purposes is whether the claim presented in the new litigation arises out of the same transaction or series of transactions as the claim resolved by the prior judgment."  Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 162 (4th Cir. 2008) (quoting Pittston Co. v. United States, 199 F.3d 694, 704 (4th Cir. 1999) (internal marks omitted).  An action is substantially the same as a prior action when it seeks the same relief and implicates the same set of material facts.  See Adkins v. Allstate Ins. Co., 729 F.2d 974, 976 (4th Cir. 1984).  The facts alleged in this action mirror the facts alleged in Wyer's earlier case and the doctrine of *res judicata* applies.  For these reasons, the Complaint will be dismissed.  A copy of the Complaint in Civil Action GLR-12-3572 will be docketed in Wyer's earlier case, Civil Action No. GLR-12-3362.  A separate Order follows.

January 18, 2013                                              /s/
                                                      _____
                                                      George L. Russell, III
                                                      United States District Judge